### HARTFORD ACCIDENT & INDEMNITY CO. v. CLEMENTS.
No. 66-C-2077.

Circuit Court, Palm Beach County.

October 13, 1966.

Walton, Lantaff, Schroeder, Carson & Wahl, West Palm Beach, for plaintiff.

Robert S. Lyons, Fort Lauderdale, for defendant.

R. O. MORROW, Circuit Judge.

*Final decree:* This cause came before the court on plaintiff's motion for summary judgment, and defendant's motion to quash and motion for protective order.

It appears from the record that there is no genuine issue as to any material fact, and that the matters herein to be determined are questions of law.

The question tersely stated is whether or not a condition precedent in the insurance contract, with reference to the furnishing of the nature of injuries, treatment, the taking of discovery, and the submission of the insured to physical examination, is waived by the insured's making demand for arbitration.

The court is of the opinion that the demand for arbitration, which establishes an adversary proceeding, does not waive conditions precedent.

Arbitration settles the insured's right to recover and the amount of damages suffered. The court has jurisdiction of this case on the above stated point of law. Helpful in determining this issue is the following case — Netherlands Insurance Co. v. Moore, opinion filed Sept. 22, 1966, in the District Court of Appeal, First District, State of Florida.

It is thereupon ordered, adjudged and decreed that the defendant has breached the conditions precedent of the policy in question; further, that the plaintiff is under no duty to go forward with its performance under the contract, either by way of settlement or arbitration, until the defendant complies with said conditions precedent; that the defendant's motion to quash and motion for protective order are hereby denied.